**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ANN GALLOWAY, MELANIE
MILASINOVICH, CATHERINE ANDREWS,
DEAN LLOYD, EILEEN FITZGERALD,
WILLIAM WESSON,

    Plaintiffs,

v.                                                                       Civ. No. 11-0899 JCH/WDS

**AYN STERN**,

    Defendant.

**MEMORANDUM OPINION AND ORDER OF REMAND**

This matter is before the Court, *sua sponte,* on Defendant Ayn Stern's[1] *Notice of Removal to United States District Court*, filed October 7, 2011 [Doc. 1]. The Court has duty to ascertain its subject-matter jurisdiction and to remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) ("Once the district court determined that it lacked diversity jurisdiction, it should have remanded the case back to state court."). Reviewing the record and considering the law, the Court will remand the case to the First Judicial District Court, State of New Mexico, County of Santa Fe.

    **I. Stern improperly removed this case.**

"There is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted). The removing party bears the burden of establishing the requirements for federal jurisdiction. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290

---

[1] Ayn Stern is also known as Ann Stern, Onya Levie, and Ayn Lev.

(10th Cir. 2001).

Several of the pro-se plaintiffs, three of whom are New Mexico residents, sued Stern/Levie, who is also a New Mexico resident, in state district court on May 19, 2011 for, among other things, fraud, misrepresentation, and breach of contract, claiming damages "in excess of $69,040.00." Doc. 3, Ex. 2 at 1 (state-court complaint). They claim that Stern/Levie falsely told them that she is an attorney who could help them with their foreclosure and credit-card debt problems. *See id.* at 2. They contend that Stern/Levie is in fact not an attorney and that she took their money, did not do anything to assist them, and refuses to return their legal documents. *See id.* The judge in the state-court case ordered Stern/Levie to place $10,700 - the amount the Plaintiffs had paid to Stern/Levie – into the court's registry on August 26, 2011. *See* Doc. 3, Ex. 4. When she failed to comply with the Order, on September 28, 2011, the judge issued an order requiring Stern/Levie to show cause why she should not be held in contempt and setting the hearing for October 7, 2011. *See* Doc. 3, Ex. 3. Stern filed the notice of removal the day the hearing was set, alleging only that "REMOVAL of this action is proper pursuant to §1331 and §1441 of Title 28 of the United States Code." *Id.* Ex. 1. Although Stern's *Certification in Support of Removal* states that she has attached copies of the Complaint and her Answer, *see* Doc. 4, the record shows that neither the Answer nor any of the attachments to the state-court Complaint have been submitted to this Court.

The parties are not completely diverse, nor does the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. Section 1331 permits removal of a case based on a federal question. 28 U.S.C. § 1331. "Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

> The presence or absence of federal-question jurisdiction is governed by the "well pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid

2

federal jurisdiction by exclusive reliance on state law.

*Id.* (internal citations omitted).

A review of the Complaint shows that it is not based on a federal question. Because Stern has not met her burden of establishing that this Court has subject-matter jurisdiction, the case must be remanded to state-court.

Further, Stern failed to comply with the procedural rules for removal, which require a defendant desiring to remove any civil action from a state court to file in the federal district court, *within 30 days* after the defendant receives the complaint, the notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a), (b). Stern did not submit for filing the attachments to the complaint or her answer; her notice did not contain a statement of facts to support grounds for removal; and her notice was untimely. A defendant's failure to comply with the express statutory requirements for removal makes the removal defective and justifies a remand. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999). In short, Stern's removal is frivolous because it has no basis in law or fact.

**II. Stern shall show cause why filing restrictions should not be imposed against her.**

Moreover, Stern continues to abuse the removal process despite having been sanctioned for a similar improper removal in 2009[2]. *See Dupwe v. Stern*, No. 08cv0988 JB/WDS Doc. 21 at 9 (D.N.M. Feb. 27, 2009) (noting that the case presented a "garden-variety landlord-tenant dispute;" holding that the Court "has no subject-matter jurisdiction over this case [because o]n the face of

---

[2] The Court takes judicial notice of other cases that Stern has improperly removed. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (stating, "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand")

3

Dupwe's Complaint, there are no federal questions, no indication of possible diversity citizenship, and no allegation of a federal claim or federal jurisdiction;" and holding that, because there was "no objectively reasonable basis for removing this case to federal court," it was "appropriate to award attorney's fees" to the plaintiff in the underlying suit).  She was subsequently again expressly instructed that she cannot remove, under § 1331 and § 1441, state-court suits that contain only state-law claims.  *See Brown v. Lev*, No. 10cv783 PJK/RLP Doc. 11 (D.N.M. Oct. 7, 2010) ("It is apparent that no federal question is involved, and that even if the parties are diverse, . . . the initial documents in this case suggest to a legal certainty that the amount in controversy requirement is not met. . . .  Because it is not, jurisdiction in federal court is not proper and the case must be remanded to state court.").  A federal court in Pennsylvania also instructed Stern in 2006 that it is improper to remove state-law landlord-tenant disputes that "do not involve diverse parties . . . [or] raise a federal question."  *See Stern v. Daenzer*, No. 2:06cv5098 Doc. 3 (E. D. Penn. Nov. 22, 2006).  And this Court has recently remanded yet another improperly removed case filed on the day of a state-court show-cause hearing.  *See Werth v. Stern*, No. 12cv856 MCA/RHS Doc. 10 (D.N.M. Sept. 9, 2012).  Clearly, Stern is using removal proceedings for the purposes of delay and to avoid negative rulings in the state courts.

"The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Winslow*, 17 F.3d 314, 318 (10th Cir. 1994) (internal quotation marks and brackets omitted). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous claims." *Id.* (internal quotation marks omitted).  "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the

4

appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Thus, the Court may impose restrictions on a party's ability to file claims where it gives that party notice and an opportunity to respond, and provides clear guidance about what a plaintiff must do to obtain permission to file an action. *See id*. at 353-54. When a party has engaged in an abusive pattern of litigation, it is appropriate for the court to enjoin that litigant from filing any claims without first seeking prior leave of the court. *See In re Winslow*, 17 F.3d at 316; *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994).

Stern has engaged in an abusive pattern of frivolously removing lawsuits to this Court that place a heavy burden on the Court. Stern shall show cause in writing, within 14 days of the filing of this Order, why she should not be sanctioned by the imposition of filing restrictions to stop her abusive behavior of removing or otherwise attempting to file frivolous suits in this District.

**IT IS THEREFORE ORDERED** that Defendant Ayn Stern's *Notice of Removal to United States District Court* [Doc. 1] is REMANDED to the First Judicial District Court, State of New Mexico, County of Santa Fe, for want of subject-matter jurisdiction and failure to comply with procedural requirements, and that the Clerk shall mail a certified copy of this Order of remand to the state-district-court clerk's office.

**IT IS FURTHER ORDERED** that all post-removal orders issued by this Court are VACATED.

**IT IS FURTHER ORDERED** that Stern shall show cause in writing, within 14 days of the filing of this Order, why filing restrictions should not be imposed against her. If Stern fails to respond, the Court will issue filing restrictions without further notice.

UNITED STATES DISTRICT JUDGE